UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID LANDOR** | **CIVIL ACTION NO. 6:14-cv-2728** |
|     LA. DOC #122843 | |
| VS. | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner David Landor, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 11, 2014. Petitioner attacks his 1988 convictions for aggravated rape and attempted manslaughter and the sentences of life and 10.5 years imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition, insofar as it attacks petitioner's conviction and sentence, be deemed **SUCCESSIVE** and **DISMISSED** for lack of jurisdiction.

*Background*

Petitioner was convicted of aggravated rape and attempted manslaughter on September 2, 1988. He was sentenced to serve life without parole plus 10.5 years. His convictions were affirmed on direct appeal and his attempts thereafter to obtain post-conviction relief in the Louisiana Courts proved unsuccessful. *See State of Louisiana v. David Landor*, 96-1097 (La. 3/24/1997), 688 So.2d 1360 (application for post-conviction relief dismissed as untimely); *State*

*of Louisiana v. David Landor*, 97-1103 (La. 11/26/1997), 703 So.2d 642 (application for post-conviction relief dismissed as untimely); *State of Louisiana ex rel. David Landor v. State of Louisiana*, 2001-2187 (La. 4/26/2002), 814 So.2d 552 (denied without comment); *State of Louisiana ex rel. David Landor v. State of Louisiana*, 2008-1455 (La. 4/3/2009), 6 So.3d 764 (denied without comment); and, *State of Louisiana ex rel. David Landor v. State of Louisiana*, 2013-2835 (La. 7/31/2014), — So.3d —, 2014 WL 3859220 (application for post-conviction relief dismissed as untimely).

On March 2, 1998 he filed a *pro se* petition for writ of *habeas corpus* in this Court. On December 23, 1998 the petition was dismissed with prejudice on the grounds that petitioner's claims were procedurally defaulted and, in the alternative, on the grounds that the petition was time-barred. *David Landor v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:98-cv-0418. On November 3, 1999 the United States Fifth Circuit Court of Appeals denied a certificate of appealability. *David Landor v. Burl Cain*, No. 99-30100.

On May 17, 2002 petitioner moved the Fifth Circuit for authorization to file a successive *habeas corpus* petition. On June 21, 2002 his motion was denied. *In re: David Landor*, No. 02-30495. On May 15, 2009 he again moved the Fifth Circuit for authorization to file a successive *habeas* petition on the grounds that trial counsel failed to convey a plea offer. On August 4, 2009 his motion was denied. *In re: David Landor*, No. 09-30389.

Petitioner filed the instant petition on September 11, 2014. He asserts three claims of ineffective assistance of counsel based on counsel's (1) failure to object to the discriminatory system of selecting the Grand Jury foreman; and (2) denial of petitioner's right of confrontation; and, (3) failure to accurately convey a plea offer.

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   This is the second petition for *habeas corpus* filed by this petitioner in this Court. It attacks the same conviction and sentence which was the subject of his prior petition.  In addition, petitioner has twice unsuccessfully moved the Fifth Circuit Court of Appeals for authorization to file successive petitions.

While "a prisoner's application is not second or successive simply because it follows an earlier federal petition..." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998) "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's claims were either raised in his first petition or could have been.  His first petition was dismissed with prejudice as procedurally defaulted and that finding operates as a ruling on the merits in determining whether the second petition is successive. *See Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012).

This petition is successive.  Petitioner has not yet applied for nor received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider petitioner's *habeas corpus* claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette , Louisiana October 29, 2014.

COPY SENT:

DATE: 10/29/2014
BY: EFA
TO: DEW
bj

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE